**ZHONG MING ZOU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–4676–ag.**

United States Court of Appeals, Second Circuit.

June 7, 2007.

Aleksander B. Milch, New York, N.Y., for Petitioner.

Sharon L. Potter, United States Attorney; Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, W.V., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhong Ming Zou, a citizen of the People's Republic of China, seeks review of a September 18, 2006 order of the BIA, affirming the April 28, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhong Ming Zou,* No. A77 340 218 (B.I.A. Sept. 18, 2006), *aff'g* No. A77 340 218 (Immig. Ct. N.Y. City Apr. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The IJ reasonably based the adverse credibility finding on specific, material inconsistencies, including: (1) conflicting statements by Zou regarding the timing of his confrontation with family planning officials; (2) discrepancies between Zou's testimony and the letter submitted by his wife about when birth control officials visited their home and when she went into hiding; and (3) Zou's assertion, contradicted by a letter from his parents, that the fine was never paid. The IJ also reasonably found it implausible that Zou never learned, or attempted to learn, where his wife and children were hiding after his

interaction with the family planning officials in June 1998. Moreover, the IJ reasonably found Zou's fear of future persecution implausible, since Zou's wife had not been sterilized, even though she was no longer hiding from the authorities and was in fact living in their old home. Because these inconsistencies and implausibilities are material to Zou's claim for relief, the IJ's adverse credibility finding is supported by substantial evidence. *See Zhou Yun Zhang,* 386 F.3d at 74.

Because Zou's withholding of removal and CAT claims depend on the same set of facts, the IJ's adverse credibility finding precludes relief on those claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

In addition, Zou argues that the IJ abused his discretion in applying "a subjective and inappropriately high evidentiary standard" in reviewing Zou's claim because the IJ "pepper[ed] the record with inappropriate remarks." However, Zou takes many of these remarks out of context. In fact, the record indicates that, rather than acting in a biased fashion, the IJ continuously attempted to clarify Zou's testimony and gave him ample opportunity to explain the inconsistencies in the record. *Cf. Islam v. Gonzales,* 469 F.3d 53, 55–56 (2d Cir.2006); *Guo–Le Huang v. Gonzales,* 453 F.3d 142, 150 (2d Cir.2006). Thus, the IJ did not abuse his discretion.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.